IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ANDRE WALKER § | |
| and AERIKA R. YOUNG § | |
| § | |
| V. § | CIVIL ACTION NO. G-11-525 |
| § | |
| BAC HOME LOANS SERVICING, LP § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties under 28 U.S.C. §636(c), is the Motion for Summary Judgment of Defendant, Bank of America N.A., as successor by merger to BAC Home Loans Servicing, LP (hereinafter, for simplicity, collectively referred to as BOA); the Motion seeks judgment as to all claims asserted against BOA by Plaintiffs, Andre Walker and Aerika R. Young. The Motion has been fully briefed and is ripe for a determination.

On August 25, 2003, Plaintiffs[1] executed a Promissory Note in the amount of $190,000.00 and a Deed of Trust for the purpose of buying a home in Pearland, Texas. On May 19, 2006, following some difficulties in paying the Note, Plaintiffs were granted a loan modification. Unfortunately, by January 2011, the Plaintiffs were in default. On February 16, 2011, Notice of Default was sent to Plaintiffs by certified mail; the Notice was unclaimed. On June 7, 2011, Notice of Acceleration and a Foreclosure Sale was sent to Plaintiffs by

---

[1] Plaintiff Young did not sign all the documents referenced herein, but for ease of understanding the Court will not differentiate.

certified mail; this Notice, too, was unclaimed. On July 1, 2011, servicing of the loan was assumed by BOA. On July 5, 2011, Plaintiffs filed this lawsuit in an effort to avoid foreclosure. The case was removed to this Court on December 1, 2011. Settlement negotiations failed by September 27, 2013, when BOA denied Plaintiffs another loan modification. BOA now seeks summary judgment against each of the Plaintiffs' claims. The Court will address the claims *seriatim*.

Plaintiffs allege that BOA violated Section 51.002 of the Texas Property Code by not sending Notice of Acceleration and Notice of the Foreclosure Sale separately. Section 51.002, however, does not require these Notices to be separate; neither does the Deed of Trust. In fact, it is perfectly lawful to give a "combined" Notice. See McLemore v. Pacific Southwest Bank FSB, 872 S.W. 2d 286, 291 (Tex. App. -- Texarkana, 1994) (finding a letter containing a notice of default, notice of intent to accelerate if not timely cured, and notice of foreclosure sale to be sufficient.)

Plaintiffs have also asserted a claim for breach of contract. Aside from the fact that Plaintiffs have not demonstrated any breach of the Deed of Trust by BOA, it is fundamental that by being in default they may not sue BOA for breach of contract. Gulf Pipeline Co. v. Nearen, 138 S.W. 2d 1065, 1068 (Tex. 1940) ("It is also elementary that a party to a contract who is himself in default can not maintain a suit for its breach.") see also, Dobbins v. Redden, 785 S.W. 2d 377, 378 (Tex. 1990) (same); Sport Supply Group, Inc. v. Columbia Cas. Co., 335 F.3d 453, 465 (5th Cir. 2003) ("performance by the plaintiff" is required to establish a claim for breach of contract)

Plaintiffs' claims for violations of the Texas Debt Collection Act, if still being asserted, are without merit. The only specific actions of BOA targeted by the TDCA claims are its failing to respond to their "attempt to cure" and not agreeing to another loan modification to avoid the foreclosure. BOA had no statutory duty to do more than give Plaintiffs the opportunity to cure and the TDCA does not prevent a debt collector from exercising or threatening to exercise its contractual right to foreclose under the terms of a Deed of Trust. Benavides v. EMC Mortgage Corp., 916 F.Supp. 2d 776, 781 (S.D. Tex. 2013) see also, Brush v. Wells Fargo Bank, N.A., 911 F.Supp. 2d 445, 472-73 (S.D. Tex. 2013)

In their Amended Complaint Plaintiffs **alleged** that BOA failed to respond to their May 11, 2013, "Qualified Written Request" for information about "their loan and payment history in order to continue to perform their obligation under the . . . loan," but, instead, on June 7, 2013, BOA, through counsel, sent the Plaintiffs Notice of Acceleration and the upcoming Trustee's Sale. However, despite their allegations, their Amended Complaint did not contain a **claim** for any violations of the Real Estate Settlement Procedures Act. Plaintiffs cannot now defend against the Motion for Summary Judgment by raising a new theory of recovery. Freeman v. Continental Gin Company, 381 F.2d 459, 469-70 (5th Cir. 1967) (Much of the value of summary judgment, where appropriate, would be dissipated if a party were free to rely on one theory to avoid a motion for summary judgment and then, should that theory prove unsound, come back thereafter and fight on the basis of some other theory.) See also, Carter v. Ford Motor Co., 561 F.3d 562, 567-68 (6th Cir. 2009)   Moreover, in their response, Plaintiffs' RESPA argument raises only alleged violations concerning the inception of their

loan, all of which would be barred by the three-year statute of limitations, 12 U.S.C. §2614. Finally, this Court would have strong reservations about the sufficiency of the purported "Qualified Written Request." The letter, sent almost five months after the Plaintiffs' last note payment, simply states that the Plaintiffs are challenging the validity of the debt amount owed without any clear "statement of the reasons for (their) belief," 12 U.S.C. §2605(e)(B)(ii), and then requests, *inter alia*, a complete audit, copies of every conceivable document whether related to servicing or not, numerous interrogatory answers and even the creation of non-existing documents. In the last analysis, the letter is nothing more than an obvious ploy to delay the foreclosure by diverting BOA's attention to unjustified requests for production of documents and information. Such a request, under circumstances like these, cannot be considered a good faith inquiry into a legitimate debt dispute as contemplated by RESPA. Cf. <u>Hennok v. Chase Home Finance, LLC</u>, 922 F.Supp. 2d 110, 123-24 (D.C. Cir. 2013)

Finally, because Plaintiffs alleged negligence claims arise out of the contractual relationship between the Parties, they are all barred by the Economic Loss Doctrine. <u>Southwestern Bell Telephone Co. v. DeLanney</u>, 809 S.W. 2d 493, 494-95 (Tex. 1991) Unless there is a violation of a duty imposed by law independent of the contract the Economic Loss Doctrine bars a negligence claim. <u>Heil Co. v. Polar Corp.</u>, 191 S.W. 3d 805, 815-18 (Tex. App. - - Fort Worth, 2006, pet. denied) The relationship of mortgagor and mortgagee does not involve a duty of good faith. <u>Federal Deposit Insurance Corp. v. Coleman</u>, 795 S.W. 2d 706, 709 (Tex. 1990) Moreover, there is no actionable negligent misrepresentation claim

based on a mortgagor's failure to offer or agree to a loan modification before proceeding with foreclosure. Singha v. BAC Home Loan Servicing, L.P., 2011 WL 7678684 (E.D. Tex., June 1, 2011) aff'd, No. 13-40061 (5th Cir., April 17, 2014) The Plaintiffs' negligence claims are not cognizable and must be dismissed.

For all of the foregoing reasons, it is the **ORDER** of this Court that "Defendant, Bank of America N.A., as successor by merger to BAC Home Loans Servicing, LP's Motion for Final Summary Judgment as to all of Plaintiffs' Causes of Action" (Instrument no. 30) is **GRANTED** and all claims asserted by Plaintiffs, Andre Walker and Aerika R. Young, against Bank of America, are **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this ___24th___ day of June, 2014.

John R. Froeschner
United States Magistrate Judge